USCA1 Opinion

 

 September 29, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1052 ROLAND D. VILLACCI, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Roland D. Villacci on brief pro se. __________________ Richard S. Cohen, United States Attorney, and F. Mark Terison, _________________ _______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Roland Villacci appeals from the dismissal __________ of a 28 U.S.C. 2255 petition challenging the legality of a criminal fine. In 1988, petitioner pled guilty to a single count of conspiracy to possess more than fifty kilograms of marijuana with intent to distribute. At sentencing on March 2, 1989, the district court calculated under the sentencing guidelines (hereinafter "guidelines") that petitioner was subject to a prison term ranging from 77 to 96 months and a fine ranging from $7500 to $1 million. The court selected the low end of the applicable range in each instance (77 months in prison and a $7500 fine), and also imposed a three- year period of supervised release.1 The fine was to be paid during the supervised release period, with a minimum monthly payment of $100. Petitioner filed no direct appeal. Instead, in September 1992 he brought the instant petition in an attempt to have the fine vacated. Asserting that he was and would remain unable to pay the fine, he argued that the court violated 18 U.S.C. 3572 by failing to consider his ability to pay (along with other factors), failing to make a specific finding with respect thereto, and failing to hold an evidentiary hearing. Contrary to petitioner's suggestion below, it was not the government's burden to establish his ability to pay a ____________________ 1. Subsequently, the prison term was reduced to 60 months and the period of supervised release was vacated. fine; rather, it was his burden to establish an inability to do so. See, e.g., United States v. Savoie, 985 F.2d 612, 620 ___ ____ _____________ ______ (1st Cir. 1993) ("[U]nder the guidelines, a fine is the rule- -and it is the defendant's burden to demonstrate that his case is an exception").2 In addition, while the sentencing court must consider ability to pay and other relevant factors in deciding whether to impose a fine,3 it need not make specific findings with respect thereto. See, e.g., id.; ___ ____ ___ United States v. Pilgrim Market Corp., 944 F.2d 14, 22-23 ______________ _____________________ (1st Cir. 1991); see also United States v. Wilfred American _________ _____________ ________________ Educ. Corp., 953 F.2d 717, 719-20 (1st Cir. 1992) _____________ (interpreting similar language in predecessor statute). Nor ____________________ 2. The pertinent guideline provision in effect at the time of petitioner's sentencing makes this plain: If the defendant establishes that (1) he is ______________________________ not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine. U.S.S.G. 5E4.2(f) (1988) (emphasis added). The applicable provision in the current guidelines, see U.S.S.G. 5E1.2(a) ___ (1993), is to the same effect. 3. Section 3572(a) provides that, in "determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine," the court "shall" consider seven enumerated factors. These include the following two: (1) "the defendant's income, earning capacity, and financial resources"; and (2) "the burden that the fine will impose upon the defendant [and] any other person who is financially dependent on the defendant." The guidelines contain nearly identical language. -3- will we "presume that the district court declined to consider the relevant ... evidence contained in the record." Id. at ___ 719. So long as the record "enables adequate appellate review," id. at 720, the sentencing court need not delineate ___ its reasoning. Under these standards, we find that the district court acted well within its discretion in imposing the minimum $7500 fine. See, e.g., Savoie, 985 F.2d at 620 (imposition ___ ____ ______ of fine under guidelines is reviewed for abuse of discretion). First, the Presentence Report (PSR) stated that, based on defendant's "personal financial statement" (which is not in the record before us), "he would be able to pay a minimal fine." Defendant voiced no objection to this conclusion.4 Second, petitioner otherwise introduced no evidence concerning his alleged inability to pay. Third, it is apparent that the court did consider this criterion. Not only did the PSR make reference thereto, but (for unrelated reasons) the court devoted a substantial amount of time at sentencing to an examination of petitioner's tax returns. Finally, petitioner overlooks the fact that future ability to pay is part of the equation--a fact evidenced by the ____________________ 4. In a reply memorandum submitted below in connection with the instant petition, petitioner argued that his counsel rendered ineffective assistance by failing to make such an objection (as well as by subsequently failing to appeal from the fine). This contention has been abandoned by petitioner on appeal. -4- reference in both 3572 and the guidelines to "earning capacity." As a 33-year-old high school graduate, in good health, with no children, and with previous work experience as a machine operator and a mechanic, petitioner is hardly in a position to complain of any ongoing inability to pay the minimum fine in question here. Affirmed. _________ -5-